# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Leonard Green
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: November 29, 2011

Mr. Blaine Robert Blood
Greenebaum, Doll & McDonald
101 S. Fifth Street
Suite 3500
Louisville, KY 40202

Mr. Philip C. Eschels
Greenebaum, Doll & McDonald
101 S. Fifth Street
Suite 3500
Louisville, KY 40202

Mr. Philip C. Kimball
1970 Douglass Boulevard
Louisville, KY 40205-0000

Re: Case No. 10-5614, *Michael Curtis v. Humana Military Healthcare Ser*
Originating Case No. : 08-00528

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Cheryl Borkowski
Case Manager
Direct Dial No. 513-564-7035

cc:  Mr. Jeffrey A. Apperson

Enclosure

Mandate to issue

FILED

**Nov 29, 2011**

LEONARD GREEN, Clerk

File Name:  11a0796n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  10-5614

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

MICHAEL W. CURTIS,

     Plaintiff-Appellant,

v.

HUMANA MILITARY HEALTHCARE
SERVICES, INC.,

     Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

_____/

Before:     MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

     BOYCE F. MARTIN, JR., Circuit Judge.  Michael W. Curtis suffers from neuropathy in his legs, a lack of feeling that causes difficulty walking, bending, and balancing.  Curtis filed suit against his former employer, Humana Military Healthcare Services, Inc., after he was terminated from his position.  Curtis claims that Humana terminated him because of his disability and failed to reasonably accommodate his disability during his employment, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.  Humana moved for summary judgment on both claims, and the district court granted its motion.  Curtis now appeals.  For the reasons set forth below, we **AFFIRM**.

_____

[*] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

No.  10-5614
*Curtis v. Humana*
Page 2

I.

In December 2003, Curtis underwent back surgery to relieve pain caused by a herniated disk. As a result of complications during the surgery, Curtis was completely paralyzed in his legs for six to seven months following the surgery.  Curtis gradually regained the use of his legs.  Even after his recovery, Curtis had difficulty walking and standing.  He frequently used a cane or leaned against walls to help him walk and balance himself.  During his tenure with Humana, Curtis "tried as much as he could to walk without a cane," but probably used a cane 70 to 75% of the time.  Curtis also asserts that he had great trouble walking on wet or snow-covered surfaces.

Curtis began working for Humana in June 2007.  Curtis's work consisted primarily of answering the telephone while seated at a desk.  Both parties agree that he did not require special accommodations while at work.

Humana provided subsidized employee parking.  Curtis's assigned space was approximately four blocks away from his place of employment.  Early in his employment, Curtis requested that he be given a closer parking space to accommodate his impairment.  Because parking spaces were assigned according to seniority, Humana refused to provide him with a closer spot and instead told him that he could either find a closer spot on his own or use the public bus for free.  By showing his Humana identification card to the driver, Curtis could have taken the bus directly from his parking lot to his work building at no charge.  Curtis declined to use the free bus and, instead, walked to work from his parking space each day because he believed it would be too difficult for him to step onto the bus.  There is evidence in the record that the buses were fitted with lift mechanisms or ramps.

No.  10-5614
*Curtis v. Humana*
Page 3

It is undisputed that Humana had concerns about Curtis's employment record throughout his employment.  Humana addressed Curtis about his attendance issues twice.  The first time, on January 8, 2008, Curtis's supervisor noted five absences and one late arrival that occurred between July 16, 2007, and January 8, 2008.  Curtis's supervisor warned him that Humana considered this to be an unacceptable number of absences.  Between January 22, 2008, and May 6, 2008, Curtis incurred six additional attendance incidents.   On May 7, Curtis's supervisor warned him again about his attendance and told him to avoid any additional absences, full or partial, before August 4.   His supervisor informed him that a failure to meet this stated attendance expectation could result in termination.  After this warning, Curtis was absent on May 16. On May 19, Humana terminated Curtis because of his attendance problems.

On October 3, Curtis filed suit in the United States District Court for the Western District of Kentucky, alleging that (1) Humana's refusal to provide a closer parking space was a failure to provide a reasonable accommodation for his disability, and (2) he was terminated because of his disability.  The district court found that Curtis's claims of discrimination failed because, though impaired, Curtis is not disabled within the meaning of the Act.  The district court found that, even assuming Curtis was disabled within the meaning of the Act, Humana's offer of free public transportation was a reasonable accommodation that Curtis failed to accept.  With respect to Curtis's claim that he was terminated because of his disability, the district court found that Humana offered a legitimate, non-discriminatory reason for his termination.

No. 10-5614
*Curtis v. Humana*
Page 4

II.

This Court "reviews a district court's grant of summary judgment de novo." *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (citation omitted). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, 'show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.'" *Id.* (citation omitted). "In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Curtis claims that the district court erred in granting summary judgment in favor of Humana. He argues that the district court erred by (1) determining that Curtis was not disabled within the meaning of the Act; (2) finding that Humana had offered a reasonable accommodation; and (3) improperly applying the burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). We agree with the district court's finding that Curtis has failed to adduce evidence that would allow a reasonable jury to conclude he was disabled within the meaning of the Act. We affirm the district court's grant of summary judgment to Humana on this basis.

Pursuant to section 12112(a) of the Act, an employer may not discriminatorily terminate an otherwise qualified individual on the basis of his disability. To state a prima facie case of employment discrimination under the Act, "a plaintiff must show that 1) he . . . is disabled; 2) [he is] otherwise qualified for the position, with or without reasonable accommodation; 3) [he] suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's

No. 10-5614
*Curtis v. Humana*
Page 5

disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced."  *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011) (citation and internal quotation marks omitted).  To show that he is disabled, Curtis needed to present evidence that he suffers from a physical or mental impairment that substantially limits a major life activity.  *See Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194-95 (2002).[1]  Major life activities "refers to those activities that are of central importance to daily life."  *Id.* at 197.

Curtis argues that he is substantially limited in his ability to walk.  While walking is considered a major life activity for purposes of the Act, *see* 29 C.F.R.  § 1630.2(i)(1)(i), Curtis has failed to present sufficient evidence that his impairment substantially limits his ability to walk.  An "impairment that only moderately or intermittently prevents an individual from performing major life activities is not a substantial limitation under the Act."  *Mahon v. Crowell*, 295 F.3d 585, 590-91 (6th Cir. 2002) (citation omitted).  Curtis does not dispute that he was able to walk during his tenure with Humana.  Instead, he asserts that he had difficulty with balance; relied on a cane and walls to walk and to navigate curbs, steps, and rough roads; tripped frequently; experienced frequent muscle cramps; and had great difficulty walking on snow-covered or wet surfaces.  These conditions do not show that Curtis was "severely restrict[ed]" in his ability to walk.  *See Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 685 (8th Cir. 2003)  (finding that a plaintiff who had the ability to walk only about one-quarter mile before stopping and resting, and whose knee sometimes collapsed, had only

---

[1] Curtis's claims arose prior to the effective date of the Americans with Disabilities Amendments Act of 2008 and his claims are thus appropriately analyzed under legal standards that predate the passage of the Amendments Act. *See Milholland v. Sumner Cnty. Bd. of Educ.*, 569 F.3d 562, 565 (6th Cir. 2009) (holding that the Amendments Act is not retroactive).

No. 10-5614
*Curtis v. Humana*
Page 6

moderate, and not substantial, limitations on his ability to walk); *Penny v. United Parcel Serv.*, 128

F.3d 408, 415 (6th Cir. 1997) ("[M]oderate difficulty or pain experienced while walking does not

rise to the level of a disability."); *see also Bryson v. Regis Corp.*, 498 F.3d 561 (6th Cir. 2007).

While severe limitations on walking would certainly amount to a disability under the Act, Curtis has

failed to adduce evidence to support the conclusion that his restrictions are so severe. *Cf. EEOC v.

Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2005) (finding evidence sufficient to show

substantial limitation on plaintiff's ability to walk where plaintiff would become numb after walking

one city block and walking would become "nearly impossible and extremely slow" sufficient to show

a substantial limitation on ability to walk).

The record here shows that Curtis walked from his car to work almost every day. Indeed,

Humana offered Curtis the option of taking the free bus from his subsidized parking spot to the front

door of the building, but Curtis declined to try taking the bus even once, instead choosing to walk.

Curtis fell only once while walking to his workplace and, on that occasion, he fell while attempting

to avoid being struck by a vehicle. Finally, as the district court noted, Curtis has not presented any

medical opinions supporting a disability under the Act. We agree with the district court's analysis

that Curtis has not presented sufficient evidence to allow a reasonable juror to find a "substantial

limitation" on Curtis's ability to walk. *See Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir.

1999) (finding that a noticeable limp and significantly slower pace of walking is insufficient to

establish a disability under the Act); *Kelly v. Drexel Univ.*, 94 F.3d 102, 106-107 (3d Cir. 1996)

(affirming district court's finding that plaintiff's "trouble climbing stairs, which requires him to

move slowly and hold the handrail, does not substantially limit his ability to walk"). *Cf. Scheerer*

No.  10-5614
*Curtis v. Humana*
Page 7

*v. Potter*, 443 F.3d 916, 920 (7th Cir. 2006) ("Although there can be no doubt that [plaintiff] suffered from pain and significant inconvenience from his . . . condition, he does not point to enough evidence in the record to show that he was prevented from performing, or was otherwise severely restricted in, any major life activities.").  Because we determine that Curtis has not presented sufficient evidence to demonstrate disability under the Act and because a prima facie case requires satisfaction of each element, we need not consider his other claims.  *See Whitfield*, 639 F.3d at 259 (stating a prima facie case of employment discrimination requires showing disability within the meaning of the Act).

III.

For these reasons, we **AFFIRM** the judgment of the district court.